**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4164

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LADAREN PARKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00282-TDS-1)

Submitted:  October 22, 2024                     Decided:  October 25, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ladaren Parker appeals his conviction and the 37-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court plainly erred by accepting Parker's guilty plea and whether Parker's sentence is reasonable.  Although notified of his right to do so, Parker has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal as barred by the appeal waiver included in Parker's plea agreement, by which he waived "his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute)," with limited exceptions not applicable here.  (J.A. 22).[*]  We dismiss in part and affirm in part.

An appeal waiver does not prevent us from reviewing the validity of Parker's guilty plea.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Fed. R. Crim. P. 11 hearing despite waiver).  Because Parker did not move to withdraw his plea or otherwise object to the plea hearing in the district court, we review the validity of his plea for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

2

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

Our review of the record confirms that the district court complied with Rule 11 and ensured that Parker's plea was knowing, voluntary, and supported by an adequate factual basis. We therefore conclude that Parker's guilty plea is valid. Our review of the record further confirms that Parker knowingly, voluntarily, and intelligently waived his right to appeal and, thus, that the appeal waiver is valid and enforceable. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (explaining that "we will enforce [a] waiver"

3

as to any issue within its scope if "the totality of the circumstances" reflect that the defendant entered into the waiver "knowingly and intelligently" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Parker's valid appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Parker, in writing, of the right to petition the Supreme Court of the United States for further review. If Parker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*